UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

_____
                                    )
TILLOTSON CORPORATION,              )
                                    )
            Plaintiff,              )
                                    )
                                    )   CIVIL ACTION NO.
    v.                              )   4:06-CV-242-RLV
                                    )
THE SAFETY ZONE, LLC,               )
                                    )
            Defendant.              )
                                    )
_____ )

**TILLOTSON CORPORATION'S OPPOSITION TO
SAFETY ZONE'S MOTION FOR SATISFACTION
OR MODIFICATION OF JUDGMENT PURSUANT
<u>TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)</u>**

Plaintiff Tillotson Corporation ("Tillotson") submits this Opposition to the Motion for Satisfaction or Modification of Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (the "Motion") filed by Defendant The Safety Zone, LLC ("Safety Zone"). The Motion is an unwarranted (and unsupported) attempt by Safety Zone to avoid its contractual obligations under the Consent Decree entered between the parties more than two years ago that, among other things, resulted in the dismissal of Tillotson's patent infringement claims against Safety Zone. Safety

Zone's supporting memorandum of law rests upon false conclusions, misapplication of relevant authority and citations to inapposite case law. Indeed, Safety Zone's entire argument is premised on two assertions that are incorrect as a matter of law: (i) that the International Trade Commission ("ITC") "held" Tillotson's U.S. Patent No. Re. 35,616 (the "'616 Patent") invalid, and (ii) that the Federal Circuit's affirmation of the ITC's decision was a "judgment" of invalidity.

Under long-established and well-settled principles of law, the ITC lacks the statutory authority to "hold" a patent invalid. Similarly, Federal Circuit review of ITC decisions is limited solely to determining whether the ITC correctly determined unfair practices in import trade. By statutory authority, United States District Courts alone have original and exclusive jurisdiction to make determinations of patent validity. The ITC applies trade laws, not patent laws, and thus the '616 Patent remains fully valid and enforceable against all entities. Likewise, the Settlement Agreement remains valid, and there are simply no legitimate grounds for modifying the Consent Decree. Nobody, including Safety Zone, is authorized to use the '616 patent without a license from Tillotson. Safety Zone's arguments – based on baldly incorrect legal assertions – should be rejected.

## Statement of Facts

Tillotson is the sole owner of the '616 Patent. On November 14, 2006, Tillotson brought this patent infringement action against Safety Zone. On May 14, 2007, Tillotson and Safety Zone agreed to end the litigation and signed the Settlement and License Agreement ("Settlement Agreement"). On June 8, 2007, this Court entered the Consent Injunction and Order of Dismissal ("Consent Decree"). As part of both the Settlement Agreement and the Consent Decree, Safety Zone admitted that the '616 Patent is valid. Declaration of Eric D. Kirsch ("Kirsch Decl."), Ex. A at ¶ 2, Ex. B. Further, Safety Zone expressly agreed not to challenge the validity of the '616 Patent. Kirsch Decl., Ex. A at ¶ 2.

As part of the Settlement Agreement, Safety Zone accepted a non-exclusive license of the '616 Patent and agreed to make quarterly royalty payments to Tillotson. Kirsch Decl. Ex. A at ¶ 4. The Settlement Agreement remains in force until the '616 Patent expires on May 11, 2010. *Id* at ¶ 11. Under the unambiguous terms of the Settlement Agreement, Safety Zone must continue to make royalty payments unless "a judgment is entered that the '616 Patent is invalid or unenforceable by a United States Court from which no further appeal can be taken," and even then Safety Zone must continue to make "payments that were due … on or before the date of expiration of all appeals of such judgment." *Id.*

On August 25, 2008, an Administrative Law Judge ("ALJ") for the ITC entered an Initial Determination, on grounds of his belief that the '616 patent would be held invalid by a District Court, that there was no violation of section 337 of the Tariff Act of 1930. Kirsch Decl., Ex. C at 119. On January 15, 2009, the ITC affirmed the ALJ's determination that there was no violation of Section 337 of the Tariff Act. Kirsch Decl., Ex. D at 1, 2-3, 9. On December 14, 2009, the Federal Circuit affirmed this determination of the ITC that there was no violation of the Tariff Act, without providing any reasons.[1]  Kirsch Decl., Ex. E.

The validity of the '616 Patent has not been adjudged by any United States District Court, and Safety Zone is precluded from challenging the Patent's validity. Kirsch Decl., Ex. A ¶ 2, Ex. B. Nevertheless, Safety Zone has already failed to make required royalty payments for December 15-December 31, 2009, as well as past payments for certain gloves sold before that date. Declaration of Matthew S. Barrett ("Barrett Decl."), Ex. A, B. Tillotson sent Safety Zone a Notice of Breach concerning these defaults on February 3, 2010, providing a cure period of thirty (30) days. *Id*, Ex. B.

---

[1] Tillotson has until March 15, 2010 to appeal the Federal Circuit decision to the Supreme Court.

Argument

I.  The Settlement Agreement And Consent Decree Remain Enforceable

   A. No United States Court Has Entered A Judgment That The '616 Patent Is Invalid

The Settlement Agreement, by its express terms, continues in full effect because the '616 Patent has not been judged invalid. Paragraph 11 of the Settlement Agreement states:

> This License Agreement will continue in force until May 11, 2010, the expiration date for the '616 Patent . . . . *If a judgment is entered that the '616 Patent is invalid or unenforceable by a United States Court* from which no further appeal can be taken, [Safety Zone] will be relieved from paying any future royalty payments .... Such a judgment, if entered, will have no effect on payments that were due … on or before the date of expiration of all appeals of such judgment …. (Emphasis added).

It is well-established that Congress has vested federal District Courts with original and exclusive jurisdiction over the issue of patent validity. 28 U.S.C. § 1338(a); *In re Convertible Rowing Exerciser Patent Litigation*, 721 F. Supp. 596, 601 (Fed. Cir. 1989) ("jurisdiction over unfair trade acts lies with the ITC while jurisdiction over the validity . . . of patents lies with the federal District Courts"). Thus, it cannot be reasonably disputed that (a) only a Federal District court has the authority to enter a judgment that the '616 Patent is invalid, and (b) no Federal District court has ever entered such a judgment. *Id.* Therefore, the condition

expressly outlined in Paragraph 11 has not been met and the Settlement Agreement is fully enforceable.

Further, as discussed in *Convertible Rowing*,[2] even Federal Circuit affirmations of ITC determinations have no bearing on patent validity:

> The questions on review before the Federal Circuit from the ITC and District Court are different. The Federal Circuit reviews District Court decisions under section 1338 with regard to patent validity, enforceability and infringement; whereas, the Federal Circuit reviews whether the ITC made the correct determination under section 337 as to unfair trade practices in import trade.

*Convertible Rowing*, 721 F. Supp. 2d at 602. Section 337 proceedings at the ITC (and appeals of such proceedings before the Federal Circuit) are not even actions under the Title 35 patent laws; rather, they are administrative proceedings under Title 19. *Id* at 603 n.17.

Notably, Title 35 U.S.C. § 290 provides that "the courts of the United States" are required to notify the United States Patent and Trademark Office ("USPTO") of filings and judgments regarding patent validity. *Id*; *Convertible Rowing*, 721 F. Supp. 2d at 603 n.17. This reference to the "courts of the United States" in the patent laws refers only to the United Stated District Courts, because they alone have jurisdiction to judge a patent invalid. *Id.* In contrast, section 290

---

[2] Remarkably, Safety Zone fails even to cite *Convertible Rowing* (although Tillotson previously provided the case to Safety Zone), much less explain how the law it discusses is not dispositive.

does not require notice to the USPTO of either ITC determinations or Federal Circuit affirmations of those proceedings, because such decisions are not relevant to providing a record in the USPTO as to whether a patent remains valid.  *Id.*  This is entirely consistent with the well-settled principle that ITC determinations, even if affirmed by the Federal Circuit, have no affect on patent validity.

Similarly, the Federal Circuit itself has recognized that its affirmations of ITC decisions are not judgments of patent invalidity, and thus have *no* preclusive effect as to patent validity.  *See* 721 F. Supp. 2d at 602 (citing cases); *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996).  This lack of preclusion is likewise dispositive in this case.  Under *Blonder-Tongue v. University Foundation*, 402 U.S. 313, 323-40 (1971), when a District Court enters a judgment that a patent is invalid, the patent is invalid and all parties are thereafter precluded from re-litigating the validity of that patent.  In contrast, the Federal Circuit's affirmation of the ITC's decision precludes no one from litigating the validity of the '616 patent, precisely because there has been no judgment of patent invalidity.

In sum, the Federal Circuit affirmation of the ITC determination, issued without written opinion, cannot possibly have been a judgment that the '616 Patent is invalid.

### B. Safety Zone Is Barred From Challenging Validity Of The '616 Patent

It is undisputed that Safety Zone admitted as part of the Consent Decree and the Settlement Agreement (and therefore as part of the bargained for exchange) that the '616 Patent is valid.  Kirsch Decl., Ex. A, at ¶ 2; Ex. B.  Safety Zone further agreed in the Settlement Agreement not to challenge the validity of the '616 Patent.  Kirsch, Decl., Ex. A ¶ 2.  These provisions of the Settlement Agreement, and the Consent Injunction, are fully enforceable under well-established law.  *Hallco Mfg. Co. v. Foster,* 256 F.3d 1290, 1294-97 (Fed. Cir. 2001) (citing various cases).  The Consent Decree is a final judgment, and "it is accompanied by a finality as stark as an adjudication after full trial."  *W.L. Gore & Associates, Inc.*, 977 F.2d 558, 560 (Fed. Cir. 1992); *see also Clark v. Housing Authority*, 971 F.2d 723, 725 (11th Cir. 1992).

Safety Zone had a full and fair opportunity to litigate the validity of the '616 Patent in the litigation resolved by the Settlement Agreement, and it is precluded under well established precedent from attempting to re-litigate that issue now.  *Pactiv Corp. v. Dow Chemical Co.*, 449 F.3d 1227, 1234 (Fed. Cir. 2006); *Hallco,* 256 F.3d at 1294-97.  Indeed, the Federal Circuit has continued to enforce pre-existing settlement and license agreements even when the patent subject to the agreement was subsequently adjudged invalid by a District Court. *Hemstreet v.*

*Spiegel,* 851 F.2d 348, 351 (Fed. Cir. 1988).  Here, where there has not even been any judgment of invalidity, there is no question that the Settlement Agreement remains enforceable.  By continuing to sell nitrile gloves which Safety Zone has already admitted are covered by the '616 patent, without making the required royalty payments, Safety Zone is in contempt of the Consent Decree issued by this Court.  *Carborundum v. Molten Metal Equipment Innovations, Inc.*, 72 F.3d 872, 882 (Fed. Cir. 1995). Further, Safety Zone's very Motion, which challenges the Consent Decree on grounds of alleged invalidity of the '616 Patent -- when that patent indisputably remains valid and Safety Zone has warranted as part of the Settlement Agreement that it will not challenge the '616 Patent's validity -- is itself a breach of the Settlement Agreement and Consent Decree.

### C. Safety Zone's Motion Is Not Ripe, As The Federal Circuit Affirmation Is Not "A Decision From Which No Further Appeal Can Be Taken."

Beyond the absence of a "judgment … that the '616 Patent is invalid … by a United Stated Court," Safety Zone's arguments are not even yet ripe since Tillotson can still appeal the Federal Circuit affirmation to the Supreme Court.

The Settlement Agreement states that "[i]f a judgment is entered that the '616 Patent is invalid or unenforceable by a United States Court *from which no further appeal can be taken* …", then Safety Zone is relieved from royalty

8935824.1                          9

payments "that would be due and payable on a date after expiration of *all appeals* of such judgment." Kirsch Decl., Ex. A at ¶ 11.

Here, Safety Zone can appeal the Federal Circuit decision, within the meaning of the Settlement Agreement, by applying for Supreme Court review on or before March 15, 2010. S. Ct. R. 13. The plain meaning of the words "all appeals" clearly includes applications for certiorari to the Supreme Court.[3] Indeed, Congress itself has recognized that applications for Supreme Court review are appeals. *See, e.g.,* 26 U.S.C. § 9010(d) (subsection labeled "Appeal" authorizes the Federal Election Commission to appeal to the Supreme Court). It would make little sense to interpret the Settlement Agreement (and its reference to "all appeals") not to include Supreme Court appeals, as such an interpretation would absolve Safety Zone of its payment obligations even though the lower appellate court could still be overturned by the Supreme Court.

Safety Zone seeks to circumvent this plain meaning essentially by arguing that the word "appeal" cannot include review by the Supreme Court because all appeals are a matter of right. This is simply wrong. Interlocutory appeals, for

---

[3] For example, Black's Law Dictionary defines appeal as "the submission of a lower court's or agency's decisions to a higher court for review." BLACK'S LAW DICTIONARY (8th ed. 2001). Webster's defines appeal as "the removal of a case from a lower to a higher court for hearing." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY (2d ed. 1979). *See American Cas. Co. v. Etowah Bank*, 288 F.3d 1282, 1285 (11th Cir. 2002) (general and legal dictionaries can be used to show plain meaning).

instance, are not a matter of right but are clearly "appeals." *See Mohawk Industries, Inc. v. Carpenter*, --- U.S. ----, 130 S. Ct. 599, 607 (2009); 28 U.S.C. § 1292(b).[4]  Thus, for the reasons set forth above, Safety Zone's arguments also fail because Tillotson still has ninety days from the date of the Federal Circuit affirmation, or until March 15, 2010, to appeal that decision to the Supreme Court.

## II. There Are No Legitimate Grounds For Modifying The Consent Decree

### A. Safety Zone Applies The Wrong Standard

Safety Zone relies on *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992), to argue that the Consent Decree should be modified because of the Federal Circuit affirmation of the ITC's decision. *Rufo*, however, involved (a) institutional reform litigation that affected the rights of prisoners not party to the suit, (b) a consent decree of indefinite duration, and (c) an unforeseen change in circumstances. *Id* at 384-387.  Notably, the Federal Circuit has specifically held that *Rufo* is inapplicable to cases such as this, involving consent decrees settling patent disputes, where the decree (a) affects only the rights of those who are parties

---

[4] Safety Zone's primary authority on this point, *Moore's Federal Practice*, contradicts its very argument.  Safety Zone Memo at 10 (quoting 22 *Moore's Federal Practice* 3d, §405.02 (2009)). *Moore's* describes the benefits of "certiorari, *compared to mandatory* appeals" (emphasis added); the modifier "mandatory" obviously suggests that while some appeals are a matter of right, others are not, but both are still "appeals".  Safety Zone also ignores the clear terms of the Settlement Agreement, which provide that "*Each party has cooperated in the drafting and preparation of this License Agreement.  Hence, this License Agreement should not be construed against any party on the basis that that party was the drafter.*" Hirsch Decl., Ex. A at ¶ 14(H) (emphasis added).

to the suit, and (b) will naturally expire along with the patent. *See Gore*, 977 F.2d at 562-63.[5] Accordingly, Safety Zone's argument that the Consent Decree should be modified fails as a matter of law.

### B. The *Rufo* Standard Has Not Been Met

Even if *Rufo* does apply - and it does not- the standard has not been met in this case. Under *Rufo*, "modification of a consent decree may be warranted when the statutory or decisional law has changed to make legal what the decree was designed to prevent." *Rufo*, 502 U.S. at 388. The Settlement Agreement and Consent Decree in this case are designed to prevent infringing use of certain nitrile gloves covered by the '616 Patent within the United States. Kirsch Decl., Ex. B at 2; Ex. A at ¶ 4. These purposes remain unaffected by the Federal Circuit affirmation.

Prior to the affirmation, Tillotson was free to bring an infringement action against any unlicensed user of gloves covered by the patent. After the ruling, the '616 Patent remains in full effect and Tillotson still may sue any unlicensed infringer. The Federal Circuit affirmation, which was limited to an application of

---

[5] There is even a Circuit split as to whether *Rufo* should apply *at all* outside the institutional reform context. *White v. National Football League*, 585 F.3d 1136 n. 4 (8th Cir. 2009). The Eleventh Circuit has not decided the issue. The Court in *White* notes, however, that "the Supreme Court's recent decision in *Horne v. Flores*, --- U.S. ----, 129 S. Ct. 2579, 2593 (2009), highlights several concerns in institutional reform cases that may not be present in other contexts." *Id.*

the Tariff Act and has no preclusive effect in any other court, is not a relevant change in decisional law.  The Consent Decree, on the other hand, is a binding determination of the validity of the patent.  Kirsch Decl., Ex. B.  Moreover, Safety Zone has agreed not to challenge the validity of the '616 Patent.  Kirsch Decl., Ex. A. at ¶ 2.  Its attempt to modify the Consent Decree is a blatant violation of that agreement.  Therefore, the first prong of the *Rufo* test has not been met.

### C. Modifying The Agreement Would Be Inequitable

Safety Zone argues that it would be inequitable to continue to enforce the Consent Decree because of "the anticompetitive effect of enforcing an invalid patent."  Safety Zone Memo at 13.  This argument fails because (a) the '616 Patent in fact remains valid, (b) Safety Zone has admitted that the patent is valid; and (c) Safety Zone has agreed not to challenge the validity of the patent.  Kirsch Decl., Ex. A at ¶ 2, Ex. B.  Thus the equities weigh entirely in favor of continuing to enforce the Consent Decree.  When "parties have chosen to submit to a consent decree instead of seeking a more favorable judgment upon litigation, 'their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." *Gore*, 977 F.2d at 561 (citation omitted).  Safety Zone cannot meet this burden.  To terminate the Consent Decree, as Safety Zone requests, would allow Safety Zone to breach its express warranty that it would not challenge the validity

of the patent, and would deprive both parties of their contractually bargained-for rights.  Safety Zone's attempt to avoid its obligations under a consent decree it willingly entered into more than two years ago, in direct contravention of the admissions and warranties it made in the underlying Settlement Agreement, should be denied.

### III.  Safety Zone Is In Contempt of the Consent Decree

Safety Zone has already failed to make required royalty payments for December 15-December 31, 2009, as well as past payments for certain gloves sold before that date.  Tillotson sent Safety Zone a Notice of Breach concerning these defaults on February 3, 2010, providing a cure period of thirty (30) days.  Barrett Decl., Exs. A, B.  Safety Zone's nonpayment, regardless of any purported defense, places it flatly in contempt of the Consent Injunction that remains in place.  See *Carborundum* 72 F.3d at 883 (Fed. Cir. 1995).  Moreover, Safety Zone's Motion itself, seeking to challenge the Consent Decree on grounds of alleged invalidity of the '616 Patent, is itself a breach of Safety's Zone's warranties in the Settlement Agreement and thus is itself contempt.

### Conclusion

Tillotson respectfully requests that the Court deny the Motion in its entirety and find that Safety Zone is in contempt of this Court.  The Consent Decree is

binding, the Settlement Agreement is enforceable, and Tillotson is entitled to continued royalty payments until the natural expiration of the '616 Patent.

Respectfully submitted, this 11th day of February, 2010.

/s/ Christopher J. Chan
Ann G. Fort (GA Bar No. 269995)
    ann.fort@sutherland.com
Christopher J. Chan (GA Bar No. 120498)
    christopher.chan@sutherland.com
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
Telephone: 404-853-8049
Facsimile: 404-853-8806

Daniel C. Winston *Admitted Pro Hac Vice*
    dwinston@choate.com
G. Mark Edgarton *Admitted Pro Hac Vice*
    medgarton@choate.com
Matthew S. Barrett *Admitted Pro Hac Vice*
    mbarrett@choate.com
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
Telephone: 617-248-5000
Facsimile: 617-248-4000

*COUNSEL FOR PLAINTIFF TILLOTSON CORPORATION*

# CERTIFICATE OF SERVICE

I certify that a copy of TILLOTSON CORPORATION'S OPPOSITION TO SAFETY ZONE'S MOTION FOR SATISFACTION OR MODIFICATION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) was filed electronically on February 11, 2010 using the CM/ECF system in the United States District Court for the Northern District of Georgia, with notice of the same to be electronically mailed by the Court to the following attorneys of record:

>   Norman H. Zivin
>   **COOPER & DUNHAM**
>   1185 Avenue of the Americas
>   New York, NY 10036
>   Telephone: 212-278-0400
>   Facsimile: 212-391-0630
>   Email: nzivin@cooperdunham.com
>
>   Julius Rodgers Lunsford , III
>   **SMITH GAMBRELL & RUSSELL**
>   1230 Peachtree Street, N.E.
>   Suite 3100, Promenade II
>   Atlanta, GA 30309-3592
>   Telephone: 404-815-3500
>   Facsimile: 404-815-6928
>   Email: rlunsford@sgrlaw.com

>>>   /s/ *Christopher J. Chan*
>>>   Christopher J. Chan

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1D, the undersigned counsel hereby certifies that the foregoing TILLOTSON CORPORATION'S OPPOSITION TO SAFETY ZONE'S MOTION FOR SATISFACTION OR MODIFICATION OF JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) complies with the font and point selections approved by the Court in LR 5.1B.  The foregoing Motion was prepared on a computer using the Times New Roman font (14 point).

/s/ *Christopher J. Chan*
Christopher J. Chan